```
                         UNITED STATES DISTRICT COURT
                           DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| XAMAYRA SANTIAGO-PADILLA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BUDGET RENT-A-CAR CARIBBEAN CORPORATION, INC, et al. <br><br> Defendants. | Civil No. 06-1573 (JAF) |

**OPINION AND ORDER**

Plaintiffs Xamayra Santiago-Padilla, Jeffrey Mercado, and Geroliza Ferreira bring this diversity action for negligence under Puerto Rico law, 31 L.P.R.A. § 5141 (2004) ("Article 1802"), against Defendants Budget Rent-A-Car Caribbean Corporation Inc. ("Budget") and Suzuki del Caribe, Inc. ("Suzuki"). Docket Document No. 8. Defendants seek summary judgment pursuant to Federal Rule of Civil Procedure 56. Docket Document Nos. 11, 16. Plaintiffs oppose the motion. Docket Document No. 26.

**I.**

**Factual and Procedural Synopsis**

We derive the following factual summary from the parties' filings. Docket Document Nos. 1, 8, 11, 12, 14, 15, 26, 30, 33, 34, 35, 36.

Civil No. 06-1573 (JAF)                                                             -2-

Plaintiffs Santiago, her husband Mercado, and their friend Ferreira, all residents of New York state, traveled from New York to Puerto Rico to visit Santiago's relatives in June 2002. On June 28, 2002, Plaintiffs rented a 2001 Suzuki Grand Vitara from Defendant Budget, a Puerto Rico corporation. During their journey to Yauco along Highway 52, the vehicle began to accelerate on its own and continued to do so despite Santiago's attempts to apply the brakes. Santiago lost control of the vehicle, which overturned and rolled until it hit the highway's center isle, causing major injuries to Santiago, physical and emotional damage to Mercado, and emotional distress to Ferreira.

In March 2004, Plaintiffs learned that Suzuki had issued a safety recall notice for the Grand Vitara. The notice described a defect in the accelerator casing cap that Plaintiffs believe caused the accident.[1] After consulting attorneys, Plaintiffs mailed letters to Defendants on October 20, 2004, demanding relief. Suzuki responded to Plaintiffs' letter by scheduling a deposition for August 2005. Budget failed to respond to Plaintiffs' October 20, 2006 letter, as well as to subsequent correspondence sent on July 14, 2005, and June 5, 2006.

---

[1] Unfortunately, Plaintiffs' suspicions cannot be confirmed or disproved, as the vehicle has since been destroyed and is no longer available for inspection.

Civil No. 06-1573 (JAF)                                              -3-

On June 9, 2006, Plaintiffs Santiago and Mercado filed a complaint against Budget and Suzuki alleging that Suzuki was negligent in distributing a defective vehicle and that Budget was negligent in both renting a defective vehicle and in requiring Plaintiffs to pay the replacement cost of the Grand Vitara. Docket Document No. 1. Plaintiffs filed amended complaints on June 29, July 19, and July 24, 2006. Docket Document Nos. 4, 7, 8.

On August 14, 2006, Defendant Suzuki filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that Puerto Rico's one-year statute of limitations for negligence actions bars the suit. Docket Document No. 11. Defendant Budget moved to join Suzuki's motion on August 15, 2006. Docket Document No. 16.

Plaintiffs opposed Defendants' motion on October 18, 2006, asserting that the statute of limitations did not begin to run until Plaintiffs learned of the recall notice in March 2004, and that Plaintiffs' letters to Defendants subsequently tolled the statute. Docket Document No. 26. Suzuki replied on November 3, 2006, Docket Document No. 33, and Budget replied on November 7, 2006, Docket Document No. 34. Plaintiffs sur-replied on November 13, 2006. Docket Document No. 37-1.

## II.

### Summary Judgment Standard under Rule 56(c)

The standard for summary judgment is straightforward and well-established. A district court should grant a motion for summary

Civil No. 06-1573 (JAF) -4-

judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The moving party carries the burden of establishing that there is no genuine issue as to any material fact, though the burden "may be discharged by 'showing'– that is, pointing out to the district court – that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The burden has two components: (1) an initial burden of production that shifts to the non-moving party if satisfied by the moving party; and (2) an ultimate burden of persuasion that always remains on the moving party. Id. at 331.

The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Summary judgment exists "to pierce the boilerplate of the pleadings and assess the proof in order to determine the need for trial." Euromodas, Inc. v. Zanella, 368 F.3d 11, 17 (1st Cir.

Civil No. 06-1573 (JAF)                                           -5-

2004) (citing Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992)).

## III.

## **Analysis**

Defendants assert that the statute of limitations bars the present suit. Docket Document Nos. 11, 16, 33, 34. The Puerto Rico statute of limitations for personal injury actions is one year. 31 L.P.R.A. § 5298(2)(2006)("Article 1868"); Tokyo Marine & Fire Ins. Co. v. Perez & Cia. de P.R., Inc., 142 F.3d 1, 3-4 (1st Cir. 1998).

Defendants argue that the prescription period began to run on the date of the accident, June 28, 2002, and expired on June 28, 2003, over a year before Plaintiffs mailed their letters seeking relief from Defendants and three years before they filed the present complaint.[2] Docket Document No. 11. Plaintiffs disagree and argue instead that the prescription period began to run when Plaintiffs first learned of the recall notice in March 2004. Docket Document No. 26.

The statute of limitations begins to run when the aggrieved party has knowledge of the injury sufficient to institute an action. Sánchez v. Elec. Power Auth., 142 D.P.R. 880, P.R. Eng. 878520

---

[2]Alternatively, Defendants assert that the prescription period began on July 9, 2002, when Plaintiffs filed their accident report with Budget. Although we do not agree with Defendants that this date marks the beginning of Plaintiffs' knowledge of their injury, the point is moot because our analysis using either date is the same.

Civil No. 06-1573 (JAF)                                              -6-

(1997). Knowledge requires notice of both the injury and of the person who caused it. Tokyo Marine, 142 F.3d at 3 (citing Colon Prieto v. Geigel, 115 D.P.R. 232, 243 (1984)). The "scope, extent and weight" of the injury may be established at a later stage of the action. Delgado Rodriguez v. Nazario De Ferrer, 121 D.P.R. 342, 21 P.R. Offic. Trans. 342, 356 (1988). Once a plaintiff is on notice of the injury, the plaintiff may not "postpone the running of the period of limitation according to his subjective appraisal and judgment." Rodriguez-Suris v. Montesinos, 123 F.3d 10, 13 (1st Cir. 1997) (quoting Ortiz v. Municipio De Orocovis, 113 D.P.R. 484, 487, 13 P.R. Offic. Trans. 619, 622 (1982)).

The plaintiff must exercise "the degree of diligence required by law" to discover the identity of the party responsible for the injury. Rosado Serrano v. E.I. Dupont de Nemours & Co., 797 F. Supp. 98, 102 (D.P.R. 1992). Although courts generally must be flexible and favor the plaintiff when determining the appropriate prescription period, "[i]f the lack of knowledge . . . is due to plaintiff's lack of diligence, then the liberal considerations of the civil law doctrine of prescription are no longer available." Bado-Santana v. Ford Motor Co., 283 F. Supp. 2d 520, 528 (D.P.R. 2003)(citing Vega v. J. Perez & Cia. Inc., 135 P.R. Dec. 746, 755 (1994)).

The First Circuit and Puerto Rico courts have analyzed cases with facts similar to the ones presented here, where plaintiffs injured in automobile accidents sought to establish that the

Civil No. 06-1573 (JAF)                                              -7-

prescription period did not begin until the plaintiffs learned of a defect in their vehicle.  See Buckley v. American Honda Motor Company, 780 F. 2d 1 (1st Cir. 1985); Bado-Santana, 283 F. Supp. 2d 520;  Suarez v. Ford Motor Company, 204 F. Supp. 2d 302 (D.P.R. 2002); Ortiz Figueroa v. Mitsubishi Motors Sales of Caribbean, No. KLAN0101167, 2002 P.R. App. LEXIS 151, (P.R. Cir. Jan. 24, 2002)(translation ours).  Courts have consistently rejected these arguments, finding that the statute of limitations begins to run when the plaintiff first becomes aware of the possibility that a defect may have caused or contributed to their injuries.  See, e.g., Buckley, 780 F.2d at 1-2; Ortiz Figueroa, 2002 P.R. App. LEXIS 151, at *2-3.

In Buckley, the plaintiff sustained injuries in a collision with another car in March 1980.[3]  Buckley, 780 F.2d at 1. After successfully recovering for damages in a timely suit against the other driver, the plaintiff learned from a report published in March 1984, after the three-year statute of limitations had run, that a design defect in her 1979 Honda may have exacerbated her injuries. Id.  The plaintiff argued that the prescription period did not begin until she learned of the defect because a claim against Honda in her initial suit would have violated federal pleading requirements or

---

[3]Although this is a Massachusetts case and the relevant statute of limitations is three years, the facts are similar enough to the present case that the comparison is useful for purposes of our analysis.

Civil No. 06-1573 (JAF)                                                    -8-

been too speculative. Id. at 3.  The court found, however, that the nature of the plaintiff's injuries combined with the general legal principle that a car manufacturer may be liable for injuries sustained in accidents involving its vehicles were sufficient to commence the prescription period, and the statute of limitations barred the suit. Id. at 2-3.

Similarly, in Ortiz Figueroa, plaintiffs who sustained injuries in a car crash in Puerto Rico in December 1996 brought a complaint against Mitsubishi in April 2001 after receiving a recall notice regarding a defect in the 1995 Galant, the model involved in the accident. Ortiz Figueroa, 2002 P.R. App. LEXIS 151, at *2-3. Plaintiffs hired experts to examine the vehicle who concluded that the defect described in the recall notice likely caused the accident. Id. at *3-4.  The court, however, found that Puerto Rico's one-year statute of limitations barred the claim because the plaintiffs were put on sufficient notice of the defendants' potential liability by the vehicle's irregular behavior, and the plaintiffs were not required to identify the exact cause of the accident before filing suit. Id. at *16-17.

Finally, in Suarez and Bado-Santana, the plaintiffs sought damages from manufacturer Ford more than one year later than the date of their accidents when Ford issued a recall notice about the Explorer's tendency to roll over in low impact collisions. Suarez, 204 F. Supp. 2d 302; Bado-Santana, 283 F. Supp. 2d 520.  In these

Civil No. 06-1573 (JAF)                                                    -9-

cases, the courts found that there was sufficient public information available about the general propensity of SUVs to roll over to put plaintiffs on notice of Ford's potential liability at the time of the accidents, and the statute of limitations barred the suits. Bado-Santana, 283 F. Supp. at 533; Suarez, 204 F. Supp. at 305.

Plaintiffs have not presented any evidence that warrants a departure from the law established in the aforementioned cases. Plaintiffs' argument that they had insufficient facts to support a viable legal claim prior to the recall notice is unavailing; had Plaintiffs filed a complaint within one year of the date of the accident, June 28, 2002, the vehicle in question may have been available for inspection and the alleged defect might have been revealed in discovery.  Instead, Plaintiffs waited until October 2004, two years and four months after the accident, to notify Defendants through correspondence of their grievance against them. Plaintiffs did not file the present action until June 2006, four years after the accident.  We regret that Plaintiffs did not choose to seek redress for this unfortunate accident earlier but, under the circumstances, we must find that Puerto Rico's statute of limitations bars this suit.

**IV.**

**Conclusion**

Civil No. 06-1573 (JAF)                                                    -10-

For the reasons stated herein, we **GRANT** Defendant's motion for summary judgment, <u>Docket Document No. 11</u>, and dismiss Plaintiffs' claim in its entirety.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 22nd day of January, 2007.

                                          s/José Antonio Fusté
                                          JOSE ANTONIO FUSTE
                                          Chief U. S. District Judge